IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

AGRI EXOTIC TRADING, INC.,
COASTAL SUNBELT PRODUCE, LLC., and
PRODUCE ALLIANCE, LLC,

      Plaintiffs

vs.                                                                                       Case No. 1:19cv23446

SHIP SUPPLY OF FLORIDA, INC. t/a
SHIP SUPPLY INTERNATIONAL, a/t/a
SSF SHIP SUPPLY OF FLORIDA, INC.,
and ARES MICHAELIDES, individually,
and CHRISTIAN GIANNAKOPOULOS,
individually, and ADAM KAPLAN,
individually, and JEFF ZANARINI,
individually, and PARASHAR RANADE,
individually, and RICK ROSEN, individually,

      Defendants
_____/

**COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiffs, Agri Exotic Trading, Inc. ("Agri"), Coastal Sunbelt Produce, LLC ("Coastal"), and Produce Alliance, LLC ("Produce Alliance"), for their complaint against Defendants Ship Supply of Florida, Inc. t/a Ship Supply International, a/t/a SSF Ship Supply of Florida, Inc., Ares Michaelides, individually, Christian Giannakopoulos, individually, Adam Kaplan, individually, Jeff Zanarini, individually, Parashar Ranade, individually, and Rick Rosen, individually, allege:

JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §§499e(b) and 499e(c)(5) (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiffs' claims arose in this District and (b) Defendants reside in this District.

1

## PARTIES

3. a. Plaintiff, Agri, a New Jersey corporation with principal place of business in Clifton, New Jersey, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce or contemplation thereof and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA as a dealer.

   b. Plaintiff, Coastal, a Maryland limited liability company with a principal place of business in Laurel, Maryland, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA as a dealer.

   c. Plaintiff, Produce Alliance, an Illinois limited liability company with a principal place of business in Buffalo Grove, Illinois, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof and was at all times pertinent herein a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant, Ship Supply of Florida, Inc. t/a Ship Supply International, a/t/a SSF Ship Supply of Florida, Inc. ("Ship Supply"), a Florida corporation with its principal place of business in Miami, Florida, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce or contemplation thereof, and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA.

   b. Defendant, Ares Michaelides, is and was a shareholder, officer, and/or director of Ship Supply who controlled the day to day operations of Ship Supply and is and was in a position of control over the PACA trust assets belonging to Plaintiffs

   c. Defendant, Christian Giannakopoulos, is and was a shareholder, officer,

and/or director of Ship Supply who controlled the day to day operations of Ship Supply and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

    d.  Defendant, Adam Kaplan, is and was a shareholder, officer, and/or director of Ship Supply who controlled the day-to-day operations of Ship Supply and was in a position of control over the PACA trust assets belonging to Plaintiffs.

    e.  Defendant, Jeff Zanarini, is and was a shareholder, officer, and/or director of Ship Supply who controlled the day-to-day operations of Ship Supply and was in a position of control over the PACA trust assets belonging to Plaintiffs.

    f.  Defendant, Parashar Ranade, is and was a shareholder, officer, and/or director of Ship Supply who controlled the day-to-day operations of Ship Supply and was in a position of control over the PACA trust assets belonging to Plaintiffs.

    g.  Defendant, Rick Rosen, is and was a shareholder, officer, and/or director of Ship Supply who controlled the day-to-day operations of Ship Supply and was in a position of control over the PACA trust assets belonging to Plaintiffs.

## GENERAL ALLEGATIONS

5. This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6. Between April 8, 2019 and July 26, 2019, Plaintiffs sold and delivered to Defendants wholesale perishable agricultural commodities ("produce") having an aggregate value of $194,471.38, which had been shipped or moved in interstate commerce or contemplation thereof, all of which remains unpaid.

7. Defendants accepted the goods and produce from Plaintiffs.

8. At the time of receipt of the produce, Plaintiffs became beneficiaries in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9. Plaintiffs preserved their respective interests in the PACA trust in the amount of $94,291.87 (Agri), $70,148.88 (Coastal) and $30,030.63 (Produce Alliance) by sending invoices to Defendants containing the statutory language required to preserve trust benefits pursuant to 7 U.S.C. §499e(c)(4) and remain beneficiaries until full payment is made for the produce.

10. Upon information and belief, Ship Supply ceased operating on or about July 26, 2019 without paying Plaintiffs. Defendants' cessation of operations and failure to pay Plaintiffs demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

<u>Count 1</u>
(Failure to Pay Trust Funds – All Defendants)

11. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

12. The failure of Defendants to make payment to Plaintiffs of trust funds in the aggregate amount of $194,471.38 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

WHEREFORE, Plaintiffs request an order enforcing payment from the trust by requiring immediate payment of $194,471.38 to Plaintiffs.

<u>Count 2</u>
(Failure to Pay for Goods Sold – Ship Supply)

13. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 10 above

as if fully set forth herein.

14. Defendant Ship Supply has ceased operations and failed and refused to pay Plaintiffs the aggregate sum of $194,471.38 owed to Plaintiffs for produce received by Defendants from Plaintiffs.

WHEREFORE, Plaintiffs requests judgment in the aggregate amount of $194,471.38 against Defendant Ship Supply as follows:

a. In favor of Plaintiff Agri and against Defendant Ship Supply in the principal amount of $94,291.87; and,

b. In favor of Plaintiff Coastal and against Defendant Ship Supply in the principal amount of $70,148.88; and,

c. In favor of Plaintiff Produce Alliance and against Defendant Ship Supply in the principal amount of $30,03.63.

## Count 3
(Failure to Make Prompt Payment – Ship Supply)

15. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

16. Defendant Ship Supply received each of the shipments on which this action is based.

17. Defendant Ship Supply is required to promptly tender to Plaintiffs full payment for the produce received in those shipments pursuant to PACA.

18. Defendant Ship Supply failed to pay for the produce supplied by Plaintiffs within the payment terms specified by 7 C.F.R. § 46.2(aa).

19. As a direct and proximate result of Defendant Ship Supply's failure to pay promptly, Plaintiffs have incurred damages in the aggregate principal amount of $194,471.38, plus interest from the date each invoice became past due, costs and attorneys' fees.

WHEREFORE, Plaintiffs request an order enforcing the PACA's prompt payment requirements by requiring immediate payment of the aggregate principal sum of $194,471.38, plus interest, costs and attorney's fees.

Count 4
(Unlawful Dissipation of Trust Assets by
a Corporate Official – Ares Michaelides)

20. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

21. Defendant Ares Michaelides is and was an officer, manager, director and/or shareholder who operated Ship Supply during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

22. Defendant Ares Michaelides failed to direct the defendant company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce supplied.

23. Defendant Ares Michaelides' failure to direct the defendant company to maintain PACA trust assets and pay Plaintiffs for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

24. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, Plaintiffs requests judgment against Defendant Ares Michaelides in the aggregate principal amount of $194,471.38.

Count 5
(Unlawful Dissipation of Trust Assets by
a Corporate Official – Christian Giannakopoulos)

25. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 10 above

as if fully set forth herein.

26. Defendant Christian Giannakopoulos is and was an officer, manager, director and/or shareholder who operated Ship Supply during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

27. Defendant Christian Giannakopoulos failed to direct the defendant company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce supplied.

28. Defendant Christian Giannakopoulos' failure to direct the defendant company to maintain PACA trust assets and pay Plaintiffs for the produce supplied was an unlawful dissipation of trust assets by a corporate official.

29. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, Plaintiffs requests judgment against Defendant Christian Giannakopoulos in the principal amount of $194,471.38.

Count 6
(Unlawful Dissipation of Trust Assets by
a Corporate Official – Adam Kaplan)

30. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

31. Defendant Adam Kaplan is and was an officer, manager, director and/or shareholder who operated Ship Supply during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

32. Defendant Adam Kaplan failed to direct the defendant company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce supplied.

33. Defendant Adam Kaplan's failure to direct the defendant company to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

34. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, Plaintiffs request judgment against Defendant Adam Kaplan in the aggregate principal amount of $194,471.38.

### Count 7
(Unlawful Dissipation of Trust Assets by
A Corporate Official – Jeff Zanarini)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

36. Defendant Jeff Zanarini is and was an officer, manager, director and/or shareholder who operated Ship Supply during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

37. Defendant Jeff Zanarini failed to direct the defendant company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce supplied.

38. Defendant Jeff Zanarini's failure to direct the defendant company to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

39. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, Plaintiffs request judgment against Defendant Jeff Zanarini in the aggregate principal amount of $194,471.38.

Count 8
(Unlawful Dissipation of Trust Assets by
A Corporate Official – Parashar Ranadi)

40. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

41. Defendant Parashar Ranadi is and was an officer, manager, director and/or shareholder who operated Ship Supply during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

42. Defendant Parashar Ranadi failed to direct the defendant company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce supplied.

43. Defendant Parashar Ranadi's failure to direct the defendant company to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

44. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, Plaintiffs request judgment against Defendant Parashar Ranadi in the aggregate principal amount of $194,471.38.

Count 9
(Unlawful Dissipation of Trust Assets by
A Corporate Official – Rick Rosen)

45. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

46. Defendant Rick Rosen is and was an officer, manager, director and/or shareholder who operated Ship Supply during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

47. Defendant Rick Rosen failed to direct the defendant company to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce supplied.

48. Defendant Rick Rosen's failure to direct the defendant company to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

49. As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

WHEREFORE, Plaintiffs request judgment against Defendant Rick Rosen in the aggregate principal amount of $194,471.38.

### Count 10
(Interest and Attorneys Fees)

50. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

51. PACA and Plaintiffs' invoices entitle Plaintiffs to recover interest and attorney's fees in the event that Defendants violate their obligation under PACA and the invoices by failing to pay for the produce.

52. As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Plaintiffs have lost the use of said money.

53. As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiffs, Plaintiffs have been required to pay attorney's fees and

costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

54. Defendants' continued failure to make full payment promptly for the produce sold and delivered to Defendants, entitles Plaintiffs to recover interest and attorney's fees in enforcing the PACA trust and the invoices.

WHEREFORE, Plaintiffs request judgment against each of the Defendants, jointly and severally, for pre-judgment interest, costs, and attorney's fees.

Dated this 16th day of August, 2019.

>FURR AND COHEN, P.A.
>Attorney for Plaintiff
>2255 Glades Road, Suite 301E
>Boca Raton, FL 33431
>(561) 395-0500/(561)338-7532-fax
>
>By /s/ Marc P. Barmat
>MARC P. BARMAT
>Florida Bar No. 0022365
>email: mbarmat@furrcohen.com